United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ARMANDO BARRIOS SIFONTE,
Petitioner,

v.

NATHAN ALLEN, *et al*.,
Respondents.

Case No. 1:26-cv-04955 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Armando Barrios Sifonte filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. No. 1 at 13. Petitioner raises claims that are functionally identical to those this Court has already addressed in prior orders. *See, e.g.*, *Perez Blas v. California City Corr. Ctr.,* No. 1:26-CV-03523 (EJD), 2026 WL 1407951 (E.D. Cal. May 19, 2026); *Bhandohal v. Cruz*, No. 1:26-CV-04833 (EJD), 2026 WL 1954502 (E.D. Cal. July 6, 2026); *Dinga v. Warden of the Golden State Annex*, No. 1:26-CV-04266 (EJD), 2026 WL 2588433 (E.D. Cal. Sept. 1, 2026). Fleeing Cuba, Petitioner entered the United States on March 12, 2022, and was taken into custody by the Department of Homeland Security ("DHS"). *See id.* ¶ 45; Dkt. No. 8-1 at 2. He was subsequently released on his own recognizance, and placed in removal proceedings. Dkt. No. 8-1 at 2 After his release, Petitioner began living in Miami, Florida, got engaged to a United States citizen, and applied for asylum. *Id.*; *see* Dkt. No. 1 ¶ 48. He further claims to have no criminal history—a contention which Respondents do not dispute. Dkt. No. 1 ¶ 48. ICE officers re-detained Petitioner at the ICE Office in Miramar, Florida on September 12, 2025 where Petitioner was reporting "as required per [his] DHS order of release [on] recognizance requirements." *See* Dkt. No. 8-1 at 2.

Petitioner claims that his continued detention—which has now reached nearly one year—violates his right to due process. Dkt. No. 1 ¶¶ 56–60. For the reasons stated in this Court's prior orders granting relief on materially identical facts, Petitioner is entitled to relief. *See, e.g.*, *Perez Blas*, 2026 WL 1407951, at * 3; *Bhandohal*, 2026 WL 1954502, at *3; *Dinga*, 2026 WL 2588433, at *3. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. Petitioner has a clear liberty interest in his continued freedom. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Court's prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal. *See Perez Blas*, 2026 WL 1407951, at *2–3; *Bhandohal*, 2026 WL 1954502, at *2–3; *Dinga*, 2026 WL 2588433, at *2–3.

Respondents oppose relief solely on the grounds that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), but otherwise do not provide any meaningful response to Petitioner's due process claim. Dkt. No. 8 at 1. As it has in the past, the Court rejects Respondents' argument that § 1225(b)(2)(A) controls Petitioner's detention and otherwise defeats his due process claim. *See Singh v. Chestnut*, No. 1:26-CV-04030 (EJD), 2026 WL 1656110, at *2 (E.D. Cal. June 8, 2026).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED. Respondents are ORDERED to immediately release Petitioner from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and

United States District Court
Eastern District of California

Petitioner shall be allowed to have his counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: September 14, 2026

EDWARD J. DAVILA
United States District Judge